UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD PERKINS, III,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>Defendant. | Case No. SA CV 08-993 PJW<br><br>MEMORANDUM OPINION AND ORDER |

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the Agency's decision is not supported by substantial evidence, it is reversed and the case is remanded.

On June 24, 2005, Plaintiff applied for SSI and DIB. (Administrative Record ("AR") 74.) The Agency denied the applications initially and on reconsideration. (AR 56-60, 62-66.) Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On September 27, 2007, Plaintiff appeared with counsel at the administrative hearing and testified. (AR 225-39.) On January

16, 2008, the ALJ issued a decision denying benefits.  (AR 17-27.) Plaintiff appealed the ALJ's decision to the Appeals Council, which granted his request for review.  (AR 10-15.)  On July 23, 2008, the Appeals Council issued its decision, denying Plaintiff's claims.  (AR 3-9.)  He then commenced this action.

Plaintiff claims that the ALJ erred by: 1) failing to develop the record regarding Plaintiff's mental impairment; 2) misrepresenting the medical record; 3) failing to consider the severity of Plaintiff's mental impairment; 4) failing to obtain vocational expert testimony on the effect of Plaintiff's non-exertional limitations; and 5) improperly rejecting Plaintiff's testimony.[1]  (Joint Stip. at 3.)  For the following reasons, the Court concludes that the ALJ erred in failing to develop the record and that the matter must be remanded for that purpose.[2]

In his first claim of error, Plaintiff contends that the ALJ failed to properly develop the record by obtaining a consultative psychiatric examination.  (Joint Stip. at 3-4.)  As explained below, though the Court finds this to be a very close call, and lays the blame for the deficient record primarily at the feet of Plaintiff's counsel, the Court agrees that remand for further proceedings is warranted.

Plaintiff did not allege that he suffered from a mental impairment in July 2008, when he filled out and submitted a disability

---

[1] The Court has separated Plaintiff's first issue into two.

[2] Although the Appeals Council's decision is the "final decision" of the Agency, it adopted the ALJ's findings with respect to the issues raised in this court.  Thus, the Court will focus on the ALJ's decision.

2

report and a daily activities questionnaire in support of his applications. (AR 83, 112-14.) In an undated disability report he submitted subsequently, however, Plaintiff stated that "[m]y illness won't allow me to work because [of] the voices in my head and it's hard for me to sleep. I don't get proper rest and my body is drained." (AR 119.) In another disability report, dated March 30, 2006, Plaintiff stated that he had been hearing voices "on and off" since February 22, 2002, and that these voices prevented him from sleeping or resting. (AR 140, 142, 149, 151.)

On December 13, 2006, while incarcerated, Plaintiff complained of auditory hallucinations and was examined by someone from the Orange County Health Care Agency Correctional Mental Health Services. (AR 193.) This person, whose name is illegible on the chart note, reported that Plaintiff's speech was clear and his thought content was "organized," but that he was a poor historian and that his judgment and insight were poor. (AR 193.) Plaintiff claimed that a voice told him "not go to probation." (AR 193.) He also claimed that he had received psychiatric treatment in the past, but was unable to provide any details about the treatment. (AR 193.) The record contains no other evidence of mental health treatment.

At the administrative hearing on September 27, 2007, Plaintiff testified that he was depressed "a lot" and that his depression was "severe." (AR 232.) He also testified that he sometimes had memory problems, had difficulty concentrating, had nightmares, and sometimes saw and heard things that were not there. (AR 232-33.) Plaintiff testified that he had gone to a psychiatrist or psychologist for a year in 2006. (AR 237-38.) He conceded, however, that he did not take prescription medication, had not been hospitalized overnight

3

since 1998, and was not seeing a doctor at the time of the administrative hearing. (AR 234, 235.)

In his decision, the ALJ noted that "the record contains no evidence of treatment for any mental impairment. Apart from the one time when [Plaintiff] alleged mental problems while he was in jail, there is no evidence that [Plaintiff] ever sought treatment for, or mentioned having problems with, any mental impairment." (AR 27.) With respect to the examination while Plaintiff was in jail, the ALJ noted that the examination "revealed organized thought processes and orientation in three spheres. [Plaintiff] indicated that he had been treated with psychotropic medication in the past, but he was unable to name the medication or the name of the clinic or treating physician." (AR 25-26.) After finding that Plaintiff's statements regarding his symptoms were not credible, the ALJ concluded that Plaintiff's impairments were not severe and, therefore, he was not disabled. (AR 27.)

Plaintiff contends that the ALJ had a duty to develop the record by ordering a psychiatric examination to determine the severity of his mental impairment. (Joint Stip. at 4.) The Agency counters that Plaintiff had the burden of producing medical evidence to establish that he had a mental impairment and he failed to do so. The Court finds that both are right. Plaintiff had a duty to develop the record and he failed. *See* 20 C.F.R. §§ 404.1512(c), 416.912(c). And the ALJ had a corresponding duty to develop the record and he failed, too. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996))(noting ALJ has an "independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered," even when the

4

claimant is represented by counsel). Thus, the Court is left to resolve this case based on an inadequate record for which both parties are partly responsible. Though the Court concedes that this is a very close case because of the almost total lack of evidence supporting Plaintiff's claimed psychiatric impairment, for the reasons explained in detail below, it sides with Plaintiff and orders that the case be remanded so both Plaintiff and the ALJ can further develop the record.

"Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Id.* Where the claimant may be mentally ill, the ALJ's duty to develop the record is "heightened." *Id.* (citing *Higbee v. Sullivan*, 975 F.2d 558, 562 (9th Cir. 1992)); see also 20 C.F.R. §§ 404.1512(e) and 416.912(e).[3] Indeed, the governing statute provides that, "in any case where there is evidence which indicates the existence of a mental impairment, [a determination that the claimant is not disabled] shall be made only if [the ALJ] has made every reasonable effort to ensure that a qualified

---

[3] The regulations provide:

> When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination of a decision ... (1) ... We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. §§ 404.1512(e), 416.912(e).

psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." 42 U.S.C. § 421(h).

Here, Plaintiff had alleged on several occasions, including while in jail, that he heard voices, which stopped him from sleeping and getting rest, that he had difficulty concentrating, and that he was depressed. The ALJ rejected Plaintiff's allegations essentially because the record contained no evidence of mental health treatment. (AR 27.) That was not a proper basis for dismissing this claim. The Ninth Circuit has "particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Regenitter v. Comm'r, Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999); *see also Hilliard v. Barnhart*, 442 F. Supp. 2d 813, 817 (N.D. Cal. 2006) (remanding for further development of record even though claimant failed to provide objective medical evidence of his psychological impairment because he had "raised a suspicion concerning his alleged cognitive impairment," and the record evidence was inadequate). In this situation, the Court concludes that the ALJ should have ordered a consultative psychiatric exam to resolve the uncertainty in this case. *See* 20 C.F.R. § 404.1519a(b). On remand, the ALJ should do so.

Having second-guessed the ALJ's efforts in this case, the Court turns now to the real reason why this case was not properly resolved before the Agency: Plaintiff's counsel did a poor job. Counsel knew before the hearing that Plaintiff claimed that he had been placed under psychiatric counseling by a court in Orange County. (AR 153.)

Yet, none of these records was produced. Counsel knew, or should have known, that Plaintiff claimed that he had undergone psychiatric treatment for a year in 2006, the year preceding the administrative hearing (AR 237-38), yet counsel did not produce any records regarding that treatment. This, despite the Agency's repeated reminders that counsel could submit more records. (AR 12, 228, 238.) Counsel knew that there was no opinion from a psychiatrist in the record regarding Plaintiff's psychiatric condition. Yet, counsel never requested that the ALJ order a consultative examination.

More troublesome, is counsel's failure to make any effort at the administrative hearing to champion Plaintiff's case. Counsel asked no questions during the hearing. He made his appearance at the outset and told the ALJ at the conclusion of the hearing that he had no questions. (AR 225-39.) There were many areas that could have and should have been developed. For instance, the record indicates that Plaintiff lost two of his children, his wife, and his mother. (AR 80, 173, 229.) Counsel certainly should have developed the facts surrounding these losses in the administrative hearing, as even a lay person would suspect that losing this many people in one's immediate family could trigger depression or worse. The record also shows that Plaintiff continually mentioned that he could not afford medical care. (AR 152, 173.) In fact, he tried to explain this to the ALJ, but the ALJ cut him off. (AR 234.) This inability to pay for medical care might have provided a sufficient explanation for the obvious lack of medical records supporting Plaintiff's case. Yet, Plaintiff's counsel never questioned Plaintiff at the hearing to allow him to explain that he could not afford to pay for medical care.

There were many other areas counsel could have developed in an effort to further Plaintiff's cause. But counsel did nothing before, during, or after the hearing to bolster Plaintiff's case. There is absolutely no way that seasoned counsel could look at the record in this case and think that Plaintiff had carried his burden of establishing that he suffered from a psychiatric impairment. The Court finds this particularly troublesome for a lawyer from a firm that makes its living doing social security cases and routinely submits fee applications to this court for fees in excess of $500 an hour, sometimes in excess of $1,00 per hour, for his work.

On remand, Plaintiff's counsel is ordered to locate all outstanding records and submit them to the ALJ for his consideration, including any court orders placing Plaintiff in mental health counseling, psychiatric treatment records stemming from Plaintiff's 2006 psychiatric treatment (or any other treatment), and any other records that exist that might support Plaintiff's claim that he suffers from a psychiatric impairment. Further, in any subsequent administrative hearing, counsel should insure that Plaintiff's story is told on the record so as to allow him at least a fighting chance of obtaining benefits.

Plaintiff's remaining claims--that the ALJ misrepresented the record, failed to properly consider the extent of Plaintiff's mental impairment, failed to obtain vocational expert testimony, and improperly rejected Plaintiff's credibility--all hinge on development of the record on remand. After obtaining a consultative psychiatric evaluation and any new records, the ALJ should hold another administrative hearing and address these other claims as he sees fit.

For these reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: December __22__, 2009.

                                     /s/ Patrick J. Walsh
                                   PATRICK J. WALSH
                                   UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\PERKINS, H 993\Memo_Opinion.wpd